UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA LYNN SMITH, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>WESTWOOD VISTAS, et al.,<br><br>Defendants. | No. 2:18-cv-00473 JAM AC PS<br><br><br><br>ORDER |

Plaintiffs are proceeding in this action pro se. This matter was accordingly referred to the undersigned by E.D. Cal. 302(c)(21). Plaintiffs have now submitted their amended requests for leave to proceed in forma pauperis ("IFP"), and have submitted the affidavits required by that statute. See 28 U.S.C. § 1915(a)(1). The motions to proceed IFP will be granted.

I. SCREENING

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Plaintiff must assist the court in determining whether or not the complaint is frivolous, by drafting the complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure.

1

Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1). Forms are available to help pro se plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

### A. The Complaint

Plaintiffs bring suit against Westwood Vistas, FPI Management, Bonnie Darrah, and Ashley Gunn for (1) "breach of contract;" (2) "wrongful eviction;" (3) "fair housing violation;" and (4) "fraud."[1] ECF No. 1 at 2, 5-12. Plaintiffs assert 24 C.F.R. § 982.453 as the basis for federal court jurisdiction. ECF No. 1 at 3. Plaintiffs allege that defendants "violated any obligation under the HAP contract," based on a wrongful eviction. Id. at 3-5. Plaintiffs seeks relief in the form of "punitive damages in the amount of $475,500[,]" "pain/suffer, emotional stress, beauty and health services, [and] housing voucher equal amount for another first time residential home." Id. at 13-14.

### B. Analysis

The complaint, in its present form, does not establish a basis for federal jurisdiction. Plaintiffs rely on 24 C.F.R. § 982.453, but this housing regulation provides for breach of contract claims to brought against landlords by public housing authorities, not by tenants, for violations of federal housing standards in the HAP context. See 24 C.F.R. § 982.453(b) ("The PHA rights and remedies against the owner under the HAP contract include recovery of overpayments, abatement or other reduction of housing assistance payments, termination of housing assistance payments, and termination of the HAP contract."). The only other possible grounds for jurisdiction that the court can discern is plaintiffs' assertion of a cause of action for a "fair housing violation" under 42 U.S.C. § 1437f. ECF No. 1 at 12. However, plaintiffs cannot state a claim for relief under this statute. "Federal courts have consistently held that no private right of action arises under 42

---

[1] The complaint's caption asserts five causes of action for breach of contract, breach of good cause, emotional stress, wrongful eviction, and trespass. See ECF No. 1 at 1. However, the body of the complaint, alleges different grounds for recovery. See ECF No. 5-12. The court will address only claims argued in the body of the complaint.

U.S.C. § 1437f, the statute that authorizes housing assistance payments." Volis v. City of Los Angeles Hous. Auth., No. CV1301397MMMSPX, 2014 WL 12704885, at *5 (C.D. Cal. Jan. 7, 2014) (citations omitted).

Accordingly, the complaint does not establish this court's jurisdiction. Rather than recommending dismissal of the action, the undersigned will provide plaintiffs an opportunity to amend their complaint to allege a proper basis for jurisdiction and facts supporting a cognizable cause of action.

## II. AMENDING THE COMPLAINT

If plaintiffs choose to amend the complaint, the amended complaint must allege facts establishing the existence of federal jurisdiction. In addition, it must contain a short and plain statement of plaintiffs' claims. The allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited "to a single set of circumstances" where possible. Rule 10(b). As noted above, forms are available to help plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

Plaintiffs must avoid excessive repetition of the same allegations. Plaintiffs must avoid narrative and storytelling. That is, the complaint should not include every detail of what happened, nor recount the details of conversations (unless necessary to establish the claim), nor give a running account of plaintiff's hopes and thoughts. Rather, the amended complaint should contain only those facts needed to show how the defendants legally wronged the plaintiffs.

The amended complaint must not force the court and the defendants to guess at what is being alleged against whom. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants"). The amended complaint must not require the court to spend its time "preparing the 'short and plain statement' which Rule 8 obligated plaintiffs to submit." Id. at 1180. The amended complaint must not

require the court and defendants to prepare lengthy outlines "to determine who is being sued for what." Id. at 1179.

Also, the amended complaint must not refer to a prior pleading in order to make plaintiff's amended complaint complete. An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220. This is because, as a general rule, an amended complaint supersedes the original complaint. See Pacific Bell Tel. Co. v. Linkline Communications, Inc., 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-57 (2d ed. 1990)). Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

### III. PRO SE PLAINTIFF'S SUMMARY

It is not clear that this case can proceed in federal court. Cases involving evictions and landlord/tenant disputes are usually handled in state court. To proceed in this court, a complaint must establish federal jurisdiction. The federal regulation that you cite as a basis for jurisdiction, 24 C.F.R. § 982.453, allows public housing authorities to sue property owners for breach of HAP contracts. It does not allow tenants to bring breach of contract claims. The federal statute that you cite, 42 U.S.C. § 1437f, also does not provide for lawsuits by tenants. Because the complaint as written does not establish federal jurisdiction, it will not be served on defendants. Your lawsuit cannot proceed unless you fix the problems with your complaint.

You are being given 30 days to submit an amended complaint that provides a proper basis for federal jurisdiction. If you submit an amended complaint, it needs to explain in simple terms what laws or legal rights of yours were violated, by whom and how, and how those violations impacted each plaintiff. Without this information, the court cannot tell what legal claims you are trying to bring against the defendants. If you do not submit an amended complaint by the deadline, the undersigned will recommend that the case be dismissed.

////

////

## IV. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiffs' requests to proceed in forma pauperis (ECF Nos. 6, 7) are GRANTED;
2. Plaintiffs shall have 30 days from the date of this order to file an amended complaint that complies with the instructions given above. If plaintiffs fail to timely comply with this order, the undersigned may recommend that this action be dismissed.

DATED: November 30, 2018

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE